**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DINO ACQUAVIVA | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | **COMPLAINT** |
| **Defendant Village of Glenview** | ) | **JURY TRIAL DEMANDED** |
| ET AL. | ) | |
| Defendants. | ) | |

## COMPLAINT

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and Illinois law to redress the unlawful actions of the Village of Glenview and its officers, who abused their authority, misused the criminal justice system, and violated Plaintiff's constitutional rights. On November 18, 2023, Plaintiff was driving cautiously through a Costco parking lot with his wife and mother-in-law when a male pedestrian abruptly stopped in front of his vehicle and made movements that led Plaintiff to reasonably fear a carjacking. Plaintiff safely maneuvered away and parked. Moments later, the pedestrian began filming and harassing the vehicle occupants, prompting them to leave the scene. Despite the absence of any criminal act, and despite having access to exculpatory dash cam footage, Glenview officers initiated a baseless investigation, contacted Plaintiff, and ultimately instructed him to surrender himself—after falsely informing him that the case had been closed. These actions were not only unfounded and unlawful, but malicious, conspiratorial, and defamatory. Plaintiff brings this action to hold Defendants accountable for abuse of

process, malicious prosecution, defamation, fraud, conspiracy, violations of his federal constitutional rights, and to compel the Village of Glenview to indemnify its officers.

## PARTIES

1. **Plaintiff Dino Acquaviva** is a resident of Mount Prospect, Illinois. At all relevant times, Plaintiff was and is a citizen of the United States and a resident of the State of Illinois.

2. **Defendant Village of Glenview** is a municipal corporation organized under the laws of the State of Illinois and is responsible for the policies, practices, and conduct of its police department and employees.

3. **Defendant Officer [First Name Unknown] Roberts** is a police officer employed by the Glenview Police Department. He acted under color of law and within the scope of his employment at all times relevant to this Complaint.

4. **Defendant Sergeant [First Name Unknown]** is a sergeant employed by the Glenview Police Department who communicated with Plaintiff regarding the accessibility of Plaintiff's personal information via an "open source." He acted under color of law and within the scope of his employment at all times relevant to this Complaint.

5. **Defendant Inspector Bogdan Nenciu** is an inspector employed by the Glenview Police Department. He was directly involved in the investigation,

communications with Plaintiff, and the instruction for Plaintiff to turn himself in. He acted under color of law and within the scope of his employment at all times relevant.

6. **Defendants JOHN DOES 1–3** are officers, detectives, or other law enforcement personnel employed by the Glenview Police Department whose names are currently unknown but who participated in the misconduct alleged herein. Plaintiff will amend this Complaint to substitute their true names once identified.

## JURISDICTION AND VENUE

7. This Complaint seeks remedies pursuant to 42 U.S.C. §§1983, alleging violations of the First Fourth and Fourteen Amendments to the Constitution of the United States of America as well as the laws of the State of Illinois.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under 1983.

9. Venue is proper in the district pursuant to 28 U.S.C. § 1391 because the unlawful action occurred in this district.

## FACTS

10. On November 18, 2023, at approximately 1:45 p.m., Plaintiff was operating a motor vehicle in the Costco parking lot in Glenview, Illinois. Plaintiff's wife, Boldmaa Batbold, and her mother were passengers in the vehicle.

11. While Plaintiff was driving slowly through the parking lot, three individuals walked in front of his vehicle. Suddenly, one of the individuals—a male—stopped, turned toward the vehicle, and made a motion that caused Plaintiff to believe the man might be armed and attempting to carjack them.

12. In fear for the safety of himself and his passengers, Plaintiff swerved and accelerated away from the individuals, ultimately parking in a nearby handicap space.

13. As Plaintiff and his family attempted to exit the vehicle, the same male individual began filming them and continued to behave in a harassing and threatening manner. Plaintiff's wife, visibly shaken, asked to drive the vehicle away due to her discomfort and fear.

14. Plaintiff returned home, where he was dropped off by his wife, who then left with her mother.

15. At approximately 2:48 p.m. the same day, Plaintiff received a voicemail from an officer of the Glenview Police Department requesting contact.

16. At approximately 2:50 p.m., Plaintiff returned the call and attempted to speak with the officer who had left the message. When Plaintiff inquired how the officer had obtained his contact information—given that the vehicle was registered under his wife's name—the officer refused to answer.

17. Plaintiff remained polite and cooperative during the conversation. He informed the officer that the family owned only one vehicle, that he was not in possession of the car at that time, and that the interaction in the Costco parking lot had been recorded on a dash cam. Plaintiff also stated that he had done nothing wrong, and asked directly whether he was being accused of a crime or placed under arrest. Upon receiving no clear answer, Plaintiff informed the officer that he would not continue the conversation and ended the call.

18. Plaintiff later spoke with a sergeant, who informed him that his personal information was accessible through an "open source" platform.

19. Subsequently, Inspector Bogdan Nenciu contacted Plaintiff. Plaintiff advised Inspector Nenciu that any further communication should be directed to his legal counsel.

20. On or about November 27, 2023, Detective Nenciu contacted Plaintiff and advised that the case had been closed. Plaintiff received written confirmation of this via email.

21. However, on December 12, 2023, at approximately 11:03 a.m., Detective Nenciu left Plaintiff a voicemail indicating that he needed to speak to Plaintiff about the same case that had been previously confirmed closed.

22. Later that day, Plaintiff, accompanied by his wife and legal counsel, voluntarily appeared at the Glenview Police Department and turned himself in.

**COUNT I – ABUSE OF PROCESS**
*(Against Defendant Officers and Unknown Defendants)*

23. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

24. At all relevant times, Defendants were acting under color of state law and within the scope of their employment as officers, detectives, or agents of the Glenview Police Department.

25. Defendants used the legal process—including a criminal investigation, threats of arrest, and the ultimate issuance of charges or threats of criminal proceedings—for purposes for which the process was not designed.

26. Specifically, Defendants initiated contact with Plaintiff, falsely implied criminal conduct, and ultimately requested that Plaintiff turn himself in—despite admitting in writing that the case had been closed.

27. The process was used not for the legitimate purpose of investigating or prosecuting a crime, but rather to intimidate, harass, and exert pressure on Plaintiff without lawful justification.

28. The abuse of process was not supported by probable cause, was executed after the case had purportedly been closed, and was pursued in disregard for Plaintiff's due process rights.

29. As a direct and proximate result of Defendants' conduct, Plaintiff suffered emotional distress, reputational harm, legal expenses, and a deprivation of liberty interest.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants for compensatory damages, punitive damages, attorneys' fees and costs, and such other relief as the Court deems just and proper.

**COUNT II – MALICIOUS PROSECUTION**
*(Against Defendant Officers and Unknown Defendants)*

30. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

31. Defendants initiated or continued a criminal investigation or criminal process against Plaintiff without probable cause.

32. Despite having evidence that exonerated Plaintiff—including dash cam footage and Plaintiff's account, which was never rebutted—Defendants nonetheless pursued criminal allegations and falsely informed Plaintiff he needed to turn himself in.

33. The charges or threats of arrest were pursued with malice and without probable cause, as demonstrated by the contradictory communications from Defendant Nenciu, who informed Plaintiff that the case was closed and later resumed contact claiming further need to discuss it.

34. The prosecution or threat thereof was resolved in Plaintiff's favor, as evidenced by the official closure of the case on or about November 27, 2023.

35. Defendants acted willfully, wantonly, and with deliberate disregard for Plaintiff's rights.

36. As a direct and proximate result of the malicious prosecution, Plaintiff suffered mental anguish, reputational harm, and financial losses, including attorney fees and costs associated with defending himself.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory and punitive damages, costs of suit, attorney's fees, and such further relief as this Court deems just and appropriate.

## COUNT III – DEFAMATION

*(Against Defendant Officers and Unknown Defendants)*

37. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

38. On or about November 18, 2023, and thereafter, Defendants made false statements about Plaintiff to third parties, including, on information and belief, to other law enforcement personnel and potentially the public, asserting or implying that Plaintiff committed criminal acts such as attempted vehicular assault or threats with a weapon.

39. These statements were false, unprivileged, and defamatory per se, as they falsely imputed to Plaintiff the commission of a crime.

40. Defendants knew or recklessly disregarded the falsity of these statements and made them with malice.

41. These defamatory statements were made despite the existence of video evidence exonerating Plaintiff, and after Defendants had acknowledged the matter was closed.

42. The statements caused harm to Plaintiff's reputation, caused emotional distress, and placed Plaintiff in a false light before the community.

43. Plaintiff has suffered damages including emotional pain, reputational damage, and the expense of hiring legal counsel.

WHEREFORE, Plaintiff demands judgment against Defendants for actual and punitive damages, costs of suit, and any other relief this Court deems just and equitable.

**COUNT IV – FRAUD**

*(Against Defendant Officers and Unknown Defendants)*

44. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45. Defendants knowingly and intentionally made false representations to Plaintiff regarding the status of the investigation, specifically stating that the matter had been closed on or about November 27, 2023.

46. Plaintiff relied on these representations to his detriment, believing that no further action would be taken against him.

47. Defendants' subsequent conduct—reinitiating contact and requesting Plaintiff's surrender—demonstrates that the prior representation was false and made with the intent to induce Plaintiff to let his guard down or to cause confusion and fear.

48. The fraudulent misrepresentations were made knowingly and with intent to deceive Plaintiff and interfere with his legal rights and liberty.

49. As a result of this fraudulent conduct, Plaintiff suffered damages including emotional distress, legal fees, and disruption of his personal and professional life.

WHEREFORE, Plaintiff seeks compensatory and punitive damages, attorneys' fees, and all other relief this Court deems appropriate under the law.

**COUNT V – CIVIL CONSPIRACY**
*(Against All Defendants)*

50. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

51. Defendants reached an agreement or understanding, express or implied, to participate in an unlawful scheme designed to abuse legal process, defame Plaintiff, and maliciously subject him to false criminal proceedings.

52. Each Defendant committed overt acts in furtherance of the conspiracy, including but not limited to: initiating baseless contact with Plaintiff; misrepresenting the status of the investigation; disseminating defamatory statements; and ultimately orchestrating Plaintiff's self-surrender under false pretenses.

53. Defendants acted in concert to achieve these unlawful goals with the intent to harass, intimidate, and injure Plaintiff, both reputationally and emotionally.

54. As a direct and proximate result of the civil conspiracy, Plaintiff suffered damages, including emotional distress, reputational harm, legal expenses, and interference with his liberty interests.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against all Defendants for compensatory and punitive damages, attorneys' fees and costs, and any other relief deemed just and proper.

**COUNT VI – INDEMNIFICATION**
*(Against Defendant Village of Glenview)*

55. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. At all relevant times, Defendants, including but not limited to the individual officers, detectives, and employees of the Glenview Police Department, were employees, agents, or representatives of the Village of Glenview and were acting within the scope of their employment.

57. Under 745 ILCS 10/9-102, a local public entity is required to pay any tort judgment or settlement for compensatory damages (and associated costs and attorneys' fees) for which its employees are liable, provided those acts occurred within the scope of employment.

58. To the extent any individual Defendant is found liable in this matter, the Village of Glenview is obligated to indemnify said Defendant for all compensatory damages, attorneys' fees, and costs awarded.

WHEREFORE, Plaintiff demands judgment against the Village of Glenview for indemnification of its employees and for any and all amounts awarded to Plaintiff against said employees, including compensatory damages, attorneys' fees, and costs, and for any other relief this Court deems just and proper.

**COUNT VII – 42 U.S.C. § 1983 – UNLAWFUL SEIZURE, DEPRIVATION OF LIBERTY, AND VIOLATION OF DUE PROCESS**
*(Against All Defendants)*

59. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60. At all relevant times, Defendants acted under color of state law and within the scope of their authority as law enforcement officers, supervisors, or agents of the Village of Glenview.

61. Defendants, individually and in concert, deprived Plaintiff of rights secured by the Constitution and laws of the United States, including his rights under the Fourth and Fourteenth Amendments.

62. Without probable cause, Defendants initiated and pursued a baseless criminal investigation against Plaintiff, despite being in possession of exculpatory dash cam evidence and having previously communicated that the matter was closed.

63. Defendants misused the authority of the state to intimidate Plaintiff, falsely imply criminal wrongdoing, and ultimately compel Plaintiff to surrender himself to police, thereby violating his right to be free from unlawful seizure and his right to due process of law.

64. Defendant Village of Glenview is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because Plaintiff's injuries were caused by official policies, customs, or practices of the Glenview Police Department, including but not limited to:

- The failure to adequately train and supervise officers in constitutional investigation and seizure procedures;
- The practice of pursuing arrests and threats of arrest without probable cause;
- Tolerating or encouraging the re-opening of closed investigations without new evidence;
- Permitting officers to misuse criminal process to coerce compliance or retaliation.

65. The constitutional violations described herein were not isolated events, but were the result of deliberate indifference to the rights of individuals like Plaintiff.

66. As a direct and proximate result of Defendants' actions, Plaintiff suffered emotional distress, reputational damage, loss of liberty, and financial harm, including attorneys' fees and legal costs.

67. Plaintiff is entitled to compensatory and punitive damages (against the individual Defendants), and attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against all Defendants, jointly and severally, for compensatory

damages, punitive damages (against individual Defendants), reasonable attorneys' fees and costs, and such other relief as the Court deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED: June 10th, 2025, Respectfully Submitted,

By /s/ Frank Avila

Frank Avila
7132 N. Harlem Suite 107
Chicago, Illinois 60631
FrankAvilaLaw@GMail.com
773-671-3480