IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DINO ACQUAVIVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25 C 6463 |
| | ) |
| VILLAGE OF GLENVIEW, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER ON MOTION TO DISMISS AND MOTION TO FILE AMENDED COMPLAINT

Dino Acquaviva filed a lawsuit against the Village of Glenview and several Glenview police officers, asserting claims under state law and 42 U.S.C. § 1983. The Village—the only defendant served with process at that point—moved to dismiss for failure to state a claim. Acquaviva was given an extension of time to file a response but never did. Instead he has filed a motion for leave to amend his complaint. The Village asks for a ruling on its motion to dismiss. The Court addresses both motions in this order.

Acquaviva's complaint arises out of events in Glenview on the afternoon of November 18, 2023 and thereafter. He says he was in a parking lot in his vehicle with his wife and mother-in-law, when an unknown man abruptly stopped in front of him and made movements that Acquaviva took as suggesting he intended to commit a carjacking. Acquaviva drove away and parked. Then the other man approached again and "began filming and harassing" Acquaviva and his companions, which led them to drive away. Acquaviva says he has a dash camera that recorded the incident. A little

later that day, a Glenview police officer called him and apparently discussed the incident with him. Acquaviva says he answered the officer's questions but that when he asked he if was being charged with a crime, got "no clear answer" and ended the call. Another officer called on November 27 and emailed to say them matter had been closed. Then the same investigator called Acquaviva on December 12 and said he needed to speak with him. That day, Acquaviva says, he "voluntarily appeared at the Glenview Police Department and turned himself in." Compl. ¶ 22. He says there was an "official closure of the case on November 27, 2023." The original complaint does not appear to allege that Acquaviva was ever taken into custody or charged with any sort of an offense.

In his original complaint, Acquaviva asserted against the officers state-law claims for abuse of process (Count 1), malicious prosecution (Count 2), defamation (Count 3), fraud (Count 4), and civil conspiracy (Count 5). He asserted a claim against the Village seeking indemnification of the officers on the other claims (Count 6), and he asserted a claim under 42 U.S.C. § 1983 against all of the defendants for "unlawful seizure, deprivation of liberty, and violation of due process" (Count 7). The latter claim, however, still did not allege that Acquaviva had ever been arrested.

The Village—again, the only defendant served at that point—moved to dismiss. It argued that Counts 1 through 5 were all subject to a one-year limitations period under state law and thus were time-barred, as Acquaviva filed this suit on June 10, 2025. The Village contended that Count 6—the indemnification claim—should be dismissed based on the dismissal of the underlying claims. And it contended that Count 7 failed to state a claim because Acquaviva had not alleged an actual seizure, as required to assert a claim for violation of the Fourth Amendment.

2

As indicated earlier, Acquaviva did not file a response to the Village's motion to dismiss. Instead he has filed a motion to amend his complaint. Acquaviva's proposed amended complaint does not include any state law claims against the defendant officers. Instead, he asserts federal claims under 42 U.S.C. § 1983 for malicious prosecution (Count 1) false arrest (Count 2) against the defendant officers; for "unlawful seizure, deprivation of liberty, and violation of due process" against the officers and the Village (Count 3); and against the Village for indemnification of the officers on the underlying claims (Count 4).

    1.    Acquaviva's non-response to the motion to dismiss, combined with the omission of his earlier state-law claims from his amended complaint, is fairly and reasonably understood as conceding that those claims (Counts 1 through 5 of the original complaint) are time-barred as the Village argued. The Court therefore dismisses as untimely Acquaviva's state-law claims for abuse of process, malicious prosecution, defamation, fraud, and civil conspiracy (original complaint, Counts 1-5).

    2.    The single section 1983 claim in Acquaviva's original complaint (original complaint, Count 7) did not allege any actual arrest or other seizure of Acquaviva, and it did not allege that he was ever charged with a crime. Rather, it simply said that he was contacted by the police, interviewed over the phone, asked to come to the police station, and did so voluntarily, and then the matter was closed that same day. That's it. No reference to an arrest or to charges of any sort. Thus as originally pleaded, there was no viable claim under federal law for "false arrest" or "deprivation of liberty."

    3.    In his proposed amended complaint, however, Acquaviva changes course—or at least says more than he did before. Now he alleges that on the

December 12, 2023 call, the Glenview officer told Acquaviva that he "had to turn himself in for arrest," "had no choice," and then, after Acquaviva complied and went to the police station, he "was arrested" and "held for questioning." Am. Compl. ¶¶ 29, 30, 33, 34. *See also id.* ¶ 39 ("Plaintiff was placed under arrest at the police department on December 12, 2023."). In addition, Acquaviva alleges, "charges were pressed" against him, "[a] case was filed, and it was assigned 23TR20021527," and he had to go to court, where the case was dismissed due to lack of evidence on June 30, 2024. *Id.* ¶¶ 41-44. The Court does not understand why Acquaviva left all of this out of his original complaint, but it's there in the amended version, and it fills at least some of the gaps in the original version. In short, in the proposed amended complaint, Acquaviva squarely alleges an arrest and the imposition of charges.

4. After Acquaviva filed his motion to amend, the Village filed a reply on its motion to dismiss. It argued that because Acquaviva came to the police station voluntarily, he wasn't seized, and thus the amended complaint still does not state a claim for violation of the Fourth Amendment. *See* Def.'s Reply at 2. That's wrong. Acquaviva squarely alleges that once he arrived at the police station, he was "arrested" and "held." That's enough to allege a Fourth Amendment seizure. The fact that Acquaviva came to the police station under his own power does not mean that what happened after he got there does not matter.

5. Federal Rule of Civil Procedure 15 says that a court "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend "may be denied on account of undue delay, prejudice, bad faith or dilatory motives, futility, or judicial economy." *Chi. Joe's Tea Room, LLC v. Village of Broadview*,

4

94 F.4th 588, 607 (7th Cir. 2024). The amendment here results in some wasted work on the part of counsel for the Village, but there's nothing that qualifies as a sufficient basis to deny leave to amend.

6. The Court grants Acquaviva's motion for leave to amend but dismisses two of the claims in the amended complaint. First, given the separate claims under section 1983 for malicious prosecution (Count 1) and wrongful arrest (Count 2), Count 3, entitled "unlawful seizure, deprivation of liberty, and violation of due process" simply duplicates—as to the officer defendants—Counts 1 and 2. And as to the Village, Count 3 includes only conclusory, bare-bones allegations of a policy or practice of the Village that caused the alleged constitutional deprivation, which is insufficient. Count 3 of the amended complaint is dismissed.

## Conclusion

For the reasons stated above, the Court grants defendant Village of Glenview's motion to dismiss plaintiff's original complaint in part [dkt. 31] and dismisses the state-law claims in Counts 1 through 5 of the original complaint based on the statute of limitations. The Court grants plaintiff's motion for leave to file an amended complaint [dkt. 39] but dismisses Count 3 of the amended complaint. Plaintiff may proceed with the amended complaint as to Counts 1, 2, and 4. Defendants are directed to file their response to the amended complaint by January 20, 2026. Both sides' Rule 26(a)(1) disclosures are also due by January 20, 2026. Written discovery requests are to be served by no later than February 10, 2026, and fact discovery is to be completed by May 29, 2026. The deadline for amending the pleadings and adding parties (including identifying any current "Doe" or unnamed defendants) is March 30, 2026. The

5

telephonic status hearing set for January 8, 2026 is vacated and reset to February 2, 2026 at 9:10 a.m., using call-in number 650-479-3207, access code 2305-915-8729. A joint status report regarding the progress of discovery and any settlement discussions is to be filed on January 26, 2026.

Date: December 21, 2025

_____
MATTHEW F. KENNELLY
United States District Judge